IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL McGOLDRICK #1410959 | § | |
| | § | |
| V. | § | A-12-CA-534-SS |
| | § | |
| JOHN BRADLEY, KRISTEN JERNIGAN, | § | |
| and DETECTIVE LESLIE ST. JAMES | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the McConnell Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges Detective St. James testified at his grand jury proceedings that his crimes of possession of child pornography were committed after September 1, 2005, so that his sentences could be cumulated. Plaintiff claims he has proof his offenses were committed in May 2005. He alleges Williamson County District Attorney John Bradley and Assistant Williamson County District

Attorney Kristen Jernigan were aware of the offense dates. Plaintiff requests a declaratory judgment and injunctive relief to show when his offenses were committed, plus court costs.

## DISCUSSION AND ANALYSIS

Plaintiff pleaded guilty to and was convicted on twenty-one counts of possession of child pornography. McGoldrick v. State, No. 03-07-00132-CR, 2007 WL 2462035, *1 (Tex. App. – Austin 2007, no pet.). The district court assessed sentences of ten years in prison on each count. Id. The sentences on the first five counts were set to run consecutively, while the remainder were to run concurrently with each other. Id. The court ordered these latter sixteen concurrent terms to run consecutively to the first five, and to be probated for ten years. Id. The resulting aggregate sentence is fifty years in prison, plus an additional ten-year prison term probated for ten years. Id.

If Plaintiff is successful in altering his offense dates, a prior version of Section 3.03 of the Texas Penal Code would apply to his crimes and would require his sentences to be served concurrently. The change made in Section 3.03, allowing consecutive sentences, applies only to offenses committed on or after September 1, 2005. An offense committed before September 1, 2005, is covered by the law in effect when the offense was committed. Under Section 3.03, an offense was committed before September 1, 2005, if any element of the offense was committed before that date. See Act of May 23, 2005, 79th Leg., R.S. ch. 527, § 3, 2005 Tex. Gen. Laws 1429, 1430.

A prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 554, 94 S. Ct. 2963 (1974); Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364 (1994); Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584 (1997). He must seek federal habeas corpus relief (or appropriate state relief if that has not been sought first) instead.

Because Plaintiff's claims, if successful, would invalidate his sentence, Plaintiff's claims must be pursued in an application for habeas corpus relief.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice to filing an application for habeas corpus relief.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE